UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOCO COMPANY, | ) | CASE NO. 1:23-CV-1476 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) | |
| PETOLAM LLC, | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| Defendant. | ) ) ) | |

On November 13, 2023, the Clerk entered default against Defendant. (ECF No. 11). On November 10, 2023, Plaintiff moved for default judgment supported by the affidavit of Jeffrey Weiner, chief financial officer of NOCO. (ECF No. 10). Defendant has not answered or otherwise responded since the Clerk's entry of default on November 13, 2023. After due consideration, and for good cause shown, Plaintiff's motion is **GRANTED**. (ECF No. 10).

The following is ordered:

1. Defendant is not an Authorized Reseller, as defined in Plaintiff's motion. Any Infringing Products Defendant sells which bear NOCO's brand, copyrights, trademarks, and/or intellectual property are materially different than genuine NOCO products because the Infringing Products do not come with NOCO's warranties and are not subject to, and interfere with, NOCO's legitimate and substantial quality controls;

2. Defendant's unlawful sales of Infringing Products which bear NOCO's brand, copyrights, trademarks, and/or intellectual property constitute unfair competition, trademark infringement, trademark dilution, and violations of the Ohio Deceptive Trade Practices Act;

1

3. Defendant has no right or authorization to sell any Infringing Products that bear NOCO's brand, copyrights, trademarks, and/or intellectual property;

4. Defendant tortiously interfered with NOCO's contractual relationships with its Authorized Resellers by inducing NOCO's Authorized Resellers to sell NOCO products, which bear NOCO's brand, copyrights, trademarks, and/or intellectual property, in bulk to Defendant in breach of the Authorized Resellers' obligations under their Reseller Agreements with NOCO.

Defendant is permanently enjoined from:

1. Purchasing products, which bear NOCO's brand, copyrights, trademarks, and/or intellectual property, from an authorized reseller in bulk and for purposes of resale; and

2. Any further sales of infringing products that bear NOCO's brand, copyrights, trademarks, and/or intellectual property.

In its motion, Plaintiff requested that the Court deem this case exceptional and award reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).  (ECF No. 10, PageID 88–90).  "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).  "The use of the word 'exceptional' limits the district court's discretion by reserving attorney's fees for 'rare' or 'unusual' cases." *Max Rack, Inc. v. Core Health & Fitness, LLC*, 40 F.4th 454, 478 (6th Cir. 2022).  There is no evidence that this is a rare or unusual case, so the Court will not deem this case exceptional and award attorney fees.

The Court retains jurisdiction over this case until Defendant fully complies with this Court's order.

**IT IS SO ORDERED.**

Date: December 14, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**